IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEREK M. CASTLEBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13cv411-CSC |
| | ) | (WO) |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On June 12, 2014, the plaintiff filed a motion for attorney fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412(d).  (Doc. # 19).  The Commissioner objects to an award of fees because her "position was substantially justified."  (Doc. # 21, Def's Res. at 1).

Plaintiff Derek Castleberry ("Castleberry") applied for and was denied disability insurance benefits by the Commissioner.  After his application was denied, he sought judicial review in this court.  On May 30, 2014, the court concluded that the ALJ erred as a matter of law and remanded the case for further proceedings.  (Doc. # 17 at 5).

A Social Security disability claimant is a prevailing party entitled to seek EAJA fees when the claimant obtains a remand for reconsideration of his case by the Commissioner. *See Shala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  Thus, the plaintiff is a prevailing party.

Under the EAJA, the court "shall award" attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  *See also Gisbrecht v. Barnhart*, 535

U.S. 789, 796 (2002). "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a reasonable basis in both law and fact. The government bears the burden of showing that its position was substantially justified." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

It has long been the law of this circuit that the ALJ has a basic duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *Kelley v. Heckler,* 761 F.2d 1538 (11th Cir. 1985). In addition, the Supreme Court has concluded that "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000). In this case, the court concluded that "the ALJ failed to fully and fairly develop the record concerning the effect of the plaintiff's dizziness, loss of balance and headaches on his ability to perform work." (Doc. # 17 at 6). The court further concluded that the ALJ's findings were ambiguous with regard to the effect of Castleberry's dizziness on his ability to work. (*Id.* at 14-15). Because the ALJ's findings were ambiguous, the court was unable to determine whether the ALJ's determination was based on substantial evidence. Thus, the court concluded that the ALJ committed legal error requiring a remand for further proceedings when he failed to comply with the legal requirement that he state with particularity the reasons for his decision. *See Id*. at 16. Thus, the Commissioner's position in this litigation did not have a reasonable basis in *law*. *Pierce*

requires that the government's position be reasonable *both* in fact and law to be substantially justified.

The Commissioner argues that the plaintiff is not entitled to fees because the Commissioner "was substantially justified in her position that substantial evidence supported the ALJ's residual functional capacity (RFC) finding." (Doc. # 21 at 3). The Commissioner's position misses the mark because, based on the ALJ's failure to properly follow the law, the court was unable to determine whether substantial evidence supported the RFC finding. The ALF's failure to properly consider Castleberry's dizziness in the RFC and then articulate with particularity the basis for his RFC finding prevented the court from being able to conclude that the Commissioner's position was substantially justified. Furthermore, the arguments presented by the Commissioner in opposition to an award of fees merely rehash her arguments in support of the ALJ's determination. The Commissioner offers potential rationales for the ALJ's findings but those rationales do not excuse the ALJ's failure to properly delineate the evidence upon which he actually relied to make his findings.

The Commissioner's position was not substantially justified because the ALJ failed in *his* duties to properly evaluate all the evidence, and to state with particularity the evidence upon which he relied as well as the weight given to the evidence. (Doc. # 21 at 16-18). Consequently, the court concludes that the Commissioner's position was not reasonable in law, and the plaintiff is entitled to an award of fees under EAJA.

The plaintiff seeks fees in the amount of $4,232.00. The Commissioner does not

challenge any of the hours expended by counsel as unreasonable nor does he challenge the hourly rate. Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (doc. # 19) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED fees in the amount of $4,232.00.

2. To the extent that plaintiff's counsel requests that fees be awarded directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party.[1] *See* 28 U.S.C. § (d)(2)(B). The motion that fees be paid directly to counsel be and is hereby DENIED.

Done this 7th day of July, 2014.

          /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[1] On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) in which the Court unambiguously held that "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." *Id*. at 738. On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").