IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEREK M. CASTLEBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:13cv411-CSC |
| | ) | (WO) |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On August 25, 2016, plaintiff's counsel filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) seeking $11,749.50 in attorney's fees for 23 hours of work in this court  which represents 25 percent of the past due benefits awarded.  (Docs. # 25 & 26). On August 7, 2016, the plaintiff was awarded past due benefits, and the Social Security Administration withheld $17,749.50 from his past due benefits for payment of attorney's fees.  (Doc. # 25, Ex. A; Doc. # 26, Ex. A).  Plaintiff's counsel was authorized and awarded $6,000.00 in attorney's fees for work performed at the administrative level.  *Id.  See also* 42 U.S.C. § 406(a).  The plaintiff's counsel was previously awarded $4,232.00 in fees under the Equal Access to Justice Act ("EAJA").  *See* Doc. # 22.  Plaintiff's counsel represents to the court that he has refunded to the plaintiff the amount of fees previously awarded to him under the EAJA.  *See* Doc. # 26 at 2.  The United States does not object

---

[1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

to an award of fees but "requests that the Court order Plaintiff's counsel to return the lesser of the two fee awards to Plaintiff."  (Doc. # 29 at 2).

The plaintiff entered into a contingency fee agreement with counsel in which the plaintiff agreed to payment of attorney's fees in the amount of 25 percent of any past due benefits awarded to him.  (Doc. # 26, Ex. B).  On June 13, 2013, the plaintiff sought review of the Commissioner's adverse decision in this court.  (Doc. # 1, Compl.).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties consented to entry of final judgment by the United States Magistrate Judge.  On May 30, 2014, the court remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. # 17 & 18).

The court must independently determine whether an award of attorney's fees in the amount of $11,749.50, which equates to an hourly rate of approximately $510.85 for 23 hours of work performed in this court, is reasonable in this case.  In *Grisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002), the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in Social Security disability cases. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court.  Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  535 U.S. at 807.  The contingency fee agreement in this case does not exceed the 25 percent

ceiling established by § 406(b).  However, it is not sufficient for the court to simply accept

25 percent of past due benefits as a reasonable attorney fee.

> Courts that approach fee determinations by looking first to the contingent-fee
> agreement, then testing for reasonableness, have appropriately reduced the
> attorney's recovery based on the character of the representation and the
> results the representation achieved.

*Gisbrecht*, 535 U.S. at 808.

"Within the 25 percent boundary . . . the attorney for the successful claimant must

show that the fee sought is reasonable for the services rendered." *Id.*, at 807.  The burden

is on plaintiff's counsel to demonstrate the reasonableness of the   requested fee.  *Id*.

Counsel is seeking $11,749.50 in attorney's fees for 23 hours of work over a three and a

half year period.[2]  While the hourly rate of the award would equal $510.85 is slightly high,

the court nonetheless concludes it is reasonable.  The United States does not object to the

award, and the court's judgment about reasonableness is informed by *Gisbrecht's*

conclusion that Congress did not mean to "outlaw" lawful contingent fee agreements.

Counsel is experienced in representing Social Security claimants, and he has represented

Social Security claimants for over thirty-eight (38) years.  (Doc. # 26, Ex. D).  He regularly

practices in federal court.  *Id*.  Consequently, the court concludes that payment in the

amount of $11,749.50 which equals 25% of the past due benefits is reasonable under the

circumstances of this case.

---

[2]  Although the complaint was not filed in this court until June 13, 2013, plaintiff and counsel reached
their fee agreement in October 2010.  *See* Doc. # 26, Ex. B.

Accordingly, it is

ORDERED and ADJUDGED that, pursuant to the 42 U.S.C. § 406(b), the petition for attorney's fees (doc. # 25) be and is hereby GRANTED, and the Commissioner shall pay to the plaintiff's attorney $11,749.50 of the amount previously withheld from the plaintiff's past due benefits.  It is further

ORDERED that the plaintiff's counsel refund to the plaintiff the amount of $4,232.00 in fees previously awarded under the Equal Access to Justice Act.

Done this 6th day of September, 2016.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

4